No. 7669.

## THE STATE EX REL. H. S. BENNETT VS. JUDGE OF THE FIRST DISTRICT COURT.

Where one has obtained a judgment against the liquidating commissioners of a bank, from which they have appealed suspensively, and the plaintiff moves to be allowed to execute his judgment on the ground of insufficiency of the appeal bond, and is refused, a *mandamus* will not lie to compel any particular action by the lower court.

Where a bank is in liquidation under decree of court, its assets are to be distributed as by law provided, and a judgment creditor cannot execute his judgment against the bank or its assets.

FOR a *Mandamus.*

*Carroll* for Relator.

The relator sued the Mechanics & Traders' Bank, and pending the same, the bank went into liquidation, commissioners were appointed and judgment was had against them for $3,000. They took a suspensive appeal on a bond of $250, and the plaintiff moved to execute his judgment because the bond was insufficient. He then applied for a *mandamus.*

MANNING, C. J. If by the expression " to be allowed to execute his judgment," the relator means that he should be permitted to realize, through a *fi. fa.* or other process, the amount of his judg-

28

ment, he is clearly not entitled to do it.    The bank is in liquidation under order of court.    Its assets are in the hands of commissioners appointed by the court who are under bond to execute their trust rightly.    The law designates how those assets should be administered, and the relator cannot execute his judgment by taking from those assets sufficient to pay it simply because he has a judgment for money against the bank.

*Writ refused.*